UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MAURICE SMITH,

        Plaintiff,

v.

GEORGE PENNELL, *et al.*,

        Defendants.

_____/

Case No. 2:01-CV-119

HON. RICHARD ALAN ENSLEN

**ORDER**

        This matter is before the Court on Plaintiff Smith's Motion to Alter or Amend the January 18, 2005 Judgment pursuant to Federal Rule of Civil Procedure 59(e). The January 18, 2005 Judgment granted summary judgment in favor of Defendants Martin, Hall and Caruso, dismissed Plaintiff's claims as to Defendants Johns, Barry and Menkveld, and dismissed all remaining claims due to lack of administrative exhaustion. (Dkt. No. 194 & 195, Op. & J.)

        Rule 59(e) provides a procedure for correcting manifest errors of law or fact or considering the importance of newly discovered evidence. *See Keweenaw Bay Indian Cmty. v. State of Mich.*, 152 F.R.D. 562 (W.D. Mich. 1992); *see also United States v. Titterington*, 2003 WL 23924932, at *1 (W.D. Tenn. 2003). Rule 59(e) motions are generally granted for one of three reasons: (1) because there has been an intervening change in the controlling law; (2) because newly discovered evidence is available which was not previously available; or (3) because reconsideration is necessary to correct "a clear error of law" or prevent "manifest injustice." *See Valassis Communications, Inc. v. Garber*, 2002 WL 31236199, *1 (E.D. Mich. 2002) (unpublished); *Keweenaw Bay Indian Cmty. v. United States*, 940 F. Supp. 1139, 1141 (W.D. Mich. 1996). The purpose of Rule 59(e) is not to "relitigate issues previously considered" or to "submit evidence which in the exercise of reasonable

diligence, could have been submitted before." *Helton v. ACS Group*, 964 F. Supp. 1175, 1182 (E.D. Tenn. 1997); *see also Voelkel v. Gen. Motors Corp.*, 846 F.Supp. 1482, 1483 (D. Kan. 1994) (stating that a motion for reconsideration "is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed."). When a movant offers "essentially the same arguments presented on the original motion, the proper vehicle for relief is an appeal." *Id.* at 1182 (citing *Keweenaw Bay Indian Cmty. v. State of Mich.*, 152 F.R.D. at 563.

Upon review, Plaintiff fails to meet the requirements of Rule 59(e). Plaintiff does not show that there has been a change in the controlling case law, nor does he submit newly discovered evidence. Plaintiff also fails to show that reconsideration is necessary to correct a clear error of law or prevent manifest injustice.

Based on a liberal construction of Plaintiff's Motion, the Court also considers whether reconsideration is appropriate under Federal Rule of Civil Procedure 60(b). Since Plaintiff does not seek relief based on subsections (1)-(5) his motion is construed as seeking relief under the "catch-all" subsection (6). *See Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365-66 (6th Cir. 1990). Rule 60(b)(6) provides that a court may relieve a party from a final judgment for "any other reason justifying relief from the operation of the judgment." The Sixth Circuit Court of Appeals has held that subsection (6) of Rule 60(b) may afford relief only in exceptional circumstances and will be properly invoked in "unusual and extreme situations where principles of equity *mandate* relief." *Olle*, 910 F.2d at 365 (original emphasis). Plaintiff fails show that the facts of this case are exceptional circumstances warranting such relief under Rule 60(b)(6).[1]

---

[1] Furthermore, Local Civil Rule 7.4(a) states that reconsideration is appropriate only when the movant "demonstrate[s] a palpable defect by which the Court and the parties have been misled...[and] that a different disposition of the case must result from correction thereof." Upon

Upon review, the Court further determines that the Judgment of January 18, 2005 was proper and Plaintiff is not entitled to the requested relief.

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Motion to Alter or Amend Judgment and Request Discovery (Dkt. No. 196) is **DENIED.**

DATED in Kalamazoo, MI:
April 28, 2005

/s/ Richard Alan Enslen
RICHARD ALAN ENSLEN
UNITED STATES DISTRICT JUDGE

---

review, this Court finds that Plaintiff fails to meet this standard.