UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MAURICE SMITH,
a/k/a David M. Lyons-Bey                                Case No. 2:01-CV-119

    Plaintiff,                                          Hon. Richard Alan Enslen

v.

GEORGE PENNELL, *et al.*,
                                        **ORDER**
    Defendants.                /

This matter is before the Court on Plaintiff Maurice Smith's Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60(b).

On January 18, 2005, the Court dismissed Plaintiff's action in a lengthy Opinion and Judgment which adopted in part and rejected in part one Report and Recommendation and adopted a second Report and Recommendation, resulting in dismissal of claims without prejudice against certain Defendants for failure to exhaust administrative remedies. On February 7, 2005, Plaintiff filed a Motion to Alter or Amend the Judgment, which the Court subsequently denied. Plaintiff then filed a notice of appeal with the Sixth Circuit from the Court's Judgment dismissing his claims without prejudice for failure to exhaust administrative remedies. On September 27, 2005, the Sixth Circuit dismissed Plaintiff's case for want of prosecution. Plaintiff filed this Motion for Relief on May 17, 2007, more than a year and a half after the dismissal from the Sixth Circuit.

Plaintiff brings his Motion for Relief based on three different enumerated subsections, 4, 5, and 6, of Rule 60(b). Plaintiff argues the recent United States Supreme Court decision, *Jones v. Bock*, 127 S. Ct. 910 (2007), necessitates his case be reinstated against Defendants. The Court notes as an initial matter that Plaintiff's request for relief pursuant to Rule 60(b)(4) is without merit. Rule

60(b)(4) authorizes relief from a judgment "if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." *Antoine v. Atlas Turner*, 66 F.3d 105, 108 (6th Cir. 1995). In this case, Plaintiff has not alleged any jurisdictional defect nor any conduct inconsistent with due process of law. Plaintiff also seeks relief under Rule 60(b)(5) and (6). A court may grant relief if "it is no longer equitable that the judgment should have prospective application" or there is "any other reason justifying relief from the operation of judgment." FED. R. CIV. P. 60(b)(5)-(6).

Plaintiff is correct that the Sixth Circuit law cited by this Court in dismissing the instant complaint was subsequently abrogated by the Supreme Court. *See Jones*, 127 S. Ct. 910. However, the Court finds *Jones* does not retroactively apply to the final decision in this matter. *See Harper v. Virginia Dept. of Taxation*, 509 U.S. 86, 97 (1993). In *Harper*, the Supreme Court stated, "[w]hen this Court applies a rule of federal law to the parties before it, that rule is the controlling interpretation of federal law and must be given full retroactive effect in all cases *still open on direct review*." *Id*. at 91 (emphasis added); *see also Harris v. Terrell*, 2007 U.S. Dist. LEXIS 12513 (D. Kan. Feb. 21, 2007) (citing *Harper* in holding *Jones* does not apply retroactively when case is not open or on direct review). The present case was not open or on direct review at the time that *Jones* issued, as Plaintiff's appeal was dismissed for want of prosecution in September 2005. Further, "[i]ntervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6)." *Agostini v. Felton*, 521 U.S. 203, 239 (1997); *see also Blue Diamond Coal. Co. v. Trustees of UMWA Combined Ben. Fund,* 249 F.3d 519, 524 (6th Cir. 2001).

Plaintiff's claims were dismissed without prejudice due to his failure to exhaust available administrative remedies; however, Plaintiff could have re-filed his Complaint in compliance with 42 U.S.C. § 1997(e).[1]  To the extent Plaintiff now wishes to reinstate his previous action, the Court can find no "exceptional circumstances" which warrant relief under Rule 60(b)(6).  *See Harris*, 2007 U.S. Dist. LEXIS 12513; *Jinks v. AlliedSignal, Inc.,* 250 F.3d 381, 387 (6th Cir. 2001); *Blue Diamond Coal. Co.,* 249 F.3d at 524; *Olle v. Henry & Wright Corp.,* 910 F.2d 357, 365 (6th Cir. 1990).  "Relief under Rule 60(b), moreover, is circumscribed by public policy favoring finality of judgments and termination of litigation." *Doe v. Lexington-Fayette Urban County Gov't*, 407 F.3d 755, 760 (6th Cir. 2005) (*quoting Waifersong Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992)).

**THEREFORE IT IS HEREBY ORDERED** that Plaintiff Maurice Smith's Motion for Relief from Judgment (Dkt. No. 208) is **DENIED**.

DATED in Kalamazoo, MI:  
     June 21, 2007

     /s/ Richard Alan Enslen  
RICHARD ALAN ENSLEN  
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] The Court notes it dismissed Plaintiff's claims against Defendants Barry and Menkveld with prejudice after the Court determined Plaintiff had sufficiently exhausted his administrative remedies as to these Defendants but Plaintiff failed to state a claim because he did not allege Defendants Barry or Menkveld had directly participated in and/or knowingly encouraged a constitutional violation.  (*See* Op. at 7.)